### SHERIFF v. DREW.

#### (Supreme Court, Appellate Term. May 27, 1912.)

COMPROMISE AND SETTLEMENT (§ 23*)—ACTIONS—EVIDENCE—SUFFICIENCY.

 In an action on a written agreement for the payment of money in pursuance of a settlement of accounts, evidence *held* not to warrant a judgment for defendant.

 [Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 91–94; Dec. Dig. § 23.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Michael Sheriff against George F. Drew. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Jacob I. Berman, of New York City, for appellant.
Walter F. Peacock, of New York City, for respondent.

SEABURY, J. The plaintiff sued to recover $500 which he claimed the defendant, for a valuable consideration, agreed to pay to him. In support of his claim, he offered in evidence the following instrument signed by the defendant:

            "New York 9/14/11.

 "I agree to pay M. Sheriff of Sheriff & De Bor Co. by November 1st five hundred dollars ($500) balance due in full settlement all accounts with M. Sheriff of Sheriff & De Bor Co.     George F. Drew."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiff also testified that the sum named in this paper represented 10 weeks' salary for work which he did at the request of the defendant. The defendant denied that he employed the plaintiff, and testified that the instrument sued upon was given in settlement of accounts which he supposed to be due to Sheriff & De Bor Company. The defendant's testimony was very indefinite and unsatisfactory, and it is impossible from reading the record to ascertain precisely the nature of the defendant's claim in respect to this instrument. When asked whether he owed Sheriff & De Bor Company any money, he replied: "No; that was a supposed account, and not a bill." When asked if he thought he owed this company money when he signed the instrument sued upon, he replied: "Why, it was decency more than anything else, and then I found that there were bills that were due." Subsequently he testified: "I wrote that paper supposing that they owed money, and I signed it to see that they were paid." From this and other testimony of the same nature it appeared that the defendant admitted signing the instrument upon which the plaintiff has declared, and that at the time he believed he owed money either to the plaintiff or to the Sheriff & De Bor Company. The plaintiff established a prima facie case. An examination of the defendant's testimony fails to establish any defense. Under these circumstances, the judgment rendered in favor of the defendant cannot stand. It may be that upon a new trial, if the defendant has any defense, he will be able to prove it with sufficient clearness and certainty to enable us to determine what it is. This we find ourselves unable to do upon the record now before us.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.